FILED
CLERK

09 JUL 17 PM 3:50

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

KENNETH COOPER &
SUDLOW DAVIA

Plaintiff(s),

-against-

THE CITY OF NEW YORK,
ADMINISTRATION OF CHILDREN
SERVICES, POLICE OFFICER(S) "JANE DOE" AND
"JOHN DOE" 1-10, CASE WORKER(S) "JANE
DOE" AND "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

Defendant(s).

CASE 09 3080

**COMPLAINT**

**PLAINTIFF(S) DEMAND**
**TRIAL BY JURY**

**TRAGER, J.**

**LEVY, M.J**

Plaintiffs KENNETH COOPER & SUDLOW DAVIA, by their attorney, PAUL A.

HALE, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, KENNETH COOPER, born in 1968, is a African American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7.      Plaintiff, SUDLOW DAVIA, born in 1970, is a African American female, a citizen of the United States, and at all relevant times a resident of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10.     Defendant, ADMINISTRATION OF CHILDREN'S SERVICES, a duly authorized public authority, authorized to perform all functions of a social service as per the applicable sections of the New York State Criminal Procedure Law, New York State Domestic Relations Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

were removed from his custody without cause for approximately one month by ACS.

25.    ACS failed to properly investigate the complaints brought by ALEXIS COOPER.

26.    Nonetheless, ACS unilaterally decided to remove KENNETH COOPER's children and place them into foster care.

27.    There was no reasonable suspicion of wrongdoing when plaintiffs were approached, seized, detained, arrested and prosecuted.

28.    There was no reasonable suspicion of wrongdoing when plaintiffs' children were approached, seized, and detained.

29.    At all times during the events described above, the defendant police officers and ACS workers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights.

30.    The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

31.    They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

32.    During the events described above, defendants acted maliciously and with the intent to injure plaintiffs.

33.    As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A.  An arrest not based upon probable cause;

    B.  Unwarranted and malicious criminal prosecution;

    C.  Deprivation of liberty without due process of law;

D. Excessive force imposed upon him;

E. Summary punishment imposed upon him; and

F. Denied equal protection under the law.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

34.   Plaintiffs repeat, reiterate and reallege each and every allegation contained   in the previous paragraphs with the same force and effect as if fully set forth herein.

35.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36.   All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.   The acts complained of deprived plaintiff of his rights:

A.  Not to be deprived of liberty without due process of law;

B.  To be free from seizure and arrest not based upon probable cause;

C.  To be free from unwarranted and malicious criminal prosecution;

D.  Not to have excessive force imposed upon him;

E.  Not to have summary punishment imposed upon him; and

F.  To receive equal protection under the law.

   **WHEREFORE,** plaintiffs each demand judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 7/16/09
      Brooklyn, NY

 

Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344